UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>SENIOR MTA HAND Q-1 EXTRACTION TEAM,<br><br>Defendant. | No. 2:17-cv-2376-EFB P<br><br>SCREENING ORDER OF FIRST AMENDED COMPLAINT |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint (ECF No. 15) which must be screened.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

1

meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

<u>Analysis</u>

Plaintiff alleges that on April 10, 2017, he was feeling suicidal and requested medical attention for a self-inflicted cut. ECF No. 15 at 1, 3. He alleges that in response, defendant Hand,

2

a senior medical technical assistant (MTA), put together an extraction team consisting of MTAs Ramero, Nguyen, Kroger, Villanueva, and Cudjoe. *Id.* Defendant Hand ignored plaintiff's medical concerns, became verbally aggressive, and directed the extraction team to "get him." *Id.* at 2. The extraction team then opened the cell door and assaulted plaintiff by slamming him against his bunk. *Id.* Then, after plaintiff had already been restrained, an unspecified member(s) of the team punched him in the face several times. *Id.* Plaintiff states that he "intend[s] on suing all mentioned MTAs involved for their act of unnecessary and excessive force . . . ." *Id.* at 3. He adds that all of the MTAs "were in a position of stopping this brutal attack against me but chose not to intervene." *Id.* In a seemingly inconsistent allegation, he claims that after about fifteen seconds, an unspecified MTA intervened and stopped the assault. *Id.* at 2.

Like the original complaint, the underlying facts, taken as true, are sufficient to state a potentially viable Eighth Amendment excessive force claim. Once again, however, the complaint cannot proceed without additional information. Plaintiff has identified the members of the extraction team by name, but has not included a caption identifying each of them as a defendant. *See* Fed. R. Civ. P. 10(a). Plaintiff must do so in any second amended complaint. Plaintiff should also specifically allege which defendants were responsible for actually striking him, which one intervened to stop the assault, and how the others could have intervened to prevent or stop the assault. Lastly, the amended complaint fails to comport with the Rule 8(a) requirement that a complaint contain a demand for judgment for the relief sought. In any second amended complaint, plaintiff must include a request for relief.

Accordingly, plaintiff's complaint will be dismissed with leave to amend to cure these deficiencies.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the

alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

<u>Conclusion</u>

Accordingly, it is hereby ORDERED that plaintiff's amended complaint (ECF No. 15) is dismissed with leave to amend within 30 days of service of this order and failure to do so may result in dismissal of this action.

DATED: May 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE